UNITED STATES of America

v.

ONE UNBOUND VOLUME OF A PORT-
FOLIO OF 113 PRINTS ENTITLED
"DIE EROTIK DER ANTIKE IN
KLEINKUNST UND KERAMIK".

No. 7426.

United States District Court,
D. Maryland, Civil Division.

Feb. 15, 1955.

George Cochran Doub, U. S. Atty., and Walter E. Black, Jr., Asst. U. S. Atty., Baltimore, Md., for plaintiff.

Cecil A. Rush, claimant, in pro. per.

THOMSEN, District Judge.

The government's libel in this case seeks (1) the forfeiture and confiscation under 19 U.S.C.A. § 1305(a) of one unbound volume of a portfolio of 113 prints entitled "Die Erotik der Antike in Kleinkunst und Keramik" by Gaston Vorberg, imported from Germany, and alleged to

be obscene, and (2) delivery of the same to the Library of Congress pursuant to 22 U.S.C.A. § 614(d).

The prints, in sepia, are mounted on cards, 11 in. by 14 in. Most of them depict Greek, Roman, Etruscan or Egyptian statues, vases, lamps or other artifacts, which are decorated with, or otherwise display, erotic activities, features or symbols. Many of them show acts of sodomy and and other forms of perverted practice. The portfolio is accompanied by a 24 page folio text, printed in German, which relates the subjects shown on the plates to the life of the period as expressed in its literature, with numerous quotations from and translations into German of erotic passages from classic authors.

19 U.S.C.A. § 1305 provides:

"All persons are prohibited from importing into the United States from any foreign country * * * any obscene book, * * * picture * * *: Provided further, That the Secretary of the Treasury may, in his discretion, admit the so-called classics or books of recognized and established literary or scientific merit, but may, in his discretion, admit such classics or books only when imported for noncommercial purposes."

The proviso was added by the Tariff Act of 1930.

■■ The word "obscene" is not a technical term of the law and is not susceptible of exact definition, since the intangible moral concepts it connotes vary in meaning from one period to another. Parmelee v. U. S., 72 App.D.C. 203, 113 F.2d 729, 730, 731, where many definitions and tests are set out in the opinion and notes. The standards to be applied are not those of pagan Greece or Rome, nor those of the Victorian era, but the court must try to find "the present critical point in the compromise between candor and shame at which the community may have arrived here and now". Judge Learned Hand, in U. S. v. Kennerley, D.C.S.D.N.Y., 209 F. 119, 121.

■ The test applied in the leading case of Regina v. Hicklin, 1868, L.R. 3 Q.B. 360, 369, " * * * whether the tendency of the matter charged as obscenity is to deprave and corrupt those whose minds are open to such immoral influences, and into whose hands a publication of this sort may fall", was substantially followed in U. S. v. Bennett, Fed.Cas.No. 14,571, 16 Blatchf. 338, and other early cases, and was often applied to those portions of a book charged to be obscene rather than to the book as a whole. This standard "has now been generally repudiated and for it has been substituted the test that a book must be considered as a whole, in its effect, not upon any particular class, but upon all those whom it is likely to reach". Parmelee v. U. S., 73 App.D.C. 203, 113 F.2d at page 731; U. S. v. Levine, 2 Cir., 83 F.2d 156; see also Besig v. U. S., 9 Cir., 208 F.2d 142.

■ Claimant contends that the portfolio is a scientific or scholarly work in the field of archeology, and is therefore not within the statute under the rule applied by the majority of the court in the Parmelee case, supra, quoting from U. S. v. One Book Entitled Ulysses, 2 Cir., 72 F.2d 705, 707:

" * * * 'It is settled,' says the court in the Ulysses case, 'that works of physiology, medicine, science, and sex instruction are not within the statute, though to some extent and among some persons they may tend to promote lustful thoughts.' It should be equally true of works of sociology, as of physiology, medicine and other sciences—to say nothing of general literature and the arts— that 'where the presentation, when viewed objectively, is sincere, and the erotic matter is not introduced to promote lust and does not furnish the dominant note of the publication', the same immunity should apply." 113 F.2d at page 736.

Erotica in ancient times may well be a recognized segment of the field of archeology, although it may be doubted

whether an interest in archeology is the dominant motive of all those who work that corner of the field. Claimant is a microchemist, who describes himself as an amateur in archeology, and has taken some courses in that subject. He is not a member of any learned society and has not produced any work in that field, but is gathering background material. He has offered in evidence a number of books, one or two printed in the United States and the others printed abroad, which deal with the same or similar subjects, and which have been sold in or imported into this country. One of the books, a study of red figured Greek vases, shows that the decorations on such vases covered the whole field of Greek life and thought, and among the illustrations are a number depicting erotic activity. Such a book is clearly within the rule of the Ulysses and Parmelee cases, and even of the Besig case. In some of the other books offered in evidence, which deal with erotica in ancient times, almost all of the illustrations depict erotic features or activity, including what most normal people in the United States today would consider perverted activity. I doubt whether such books would come under the rule announced in the passages quoted above from the Ulysses and Parmelee cases, especially in view of the fact noted by Judge (later Chief Justice) Vinson in his dissent in the Parmelee case, "that when the governing provision was last re-enacted in 1930, Congress inserted for the first time a proviso indicating that it did not regard the 'so-called classics or books of recognized and established literary or scientific merit' as ipso facto without the prohibition against the importation of obscene books." 113 F.2d at page 741. This does not mean, of course, that the character of a publication does not enter into a determination of whether it is obscene.

This case involves a portfolio of prints, most of which, in my opinion, would be regarded as obscene by a majority of normal men and women in the United States today. Claimant says that he has seen all of the activities depicted in Vor-berg publicly exhibited in European museums, and many but not all exhibited in United States museums. What is done in Europe is not determinative here. And although a vase depicting an erotic scene may be included in a group of vases on exhibition in a museum in this country, I do not believe the present state of the taste and morals of the community would approve the public exhibition of a collection of objects similar to those shown on the prints, nor the public exhibition or sale of the prints themselves, although in my opinion most normal men and women in this country would approve the ownership of such a publication by a museum, library, college or other educational institution, where its use could be controlled.

These prints are not illustrations in a bound book, but are mounted on cards for display apart from the text. I cannot extend the exemption applied in the Ulysses and Parmelee cases to this portfolio.

The government agrees that the review of this portfolio by the Treasury Department after its seizure by the Collector of Customs, dealt only with the question of obscenity, and not with the exercise of the discretion of the Secretary of the Treasury under the proviso quoted above. The pertinent Customs Regulation, 19 C.F.R. sec. 12.40(g) reads as follows:

"In any case when a book is seized as being obscene and the importer declines to execute an assent to forfeiture on the ground that the book is a classic, or of recognized and established literary or scientific merit, a petition addressed to the Secretary of the Treasury with evidence to support the claim may be filed by the importer for release of the book. Mere unsupported statements or allegations will not be considered. If this ruling is favorable, release of such books shall be made only to the ultimate consignee."

�“▮▮ I find the portfolio is obscene within the meaning of 19 U.S.C.A. § 1305(a), but will withhold the entry of

any order herein for a period of thirty days, to give the claimant an opportunity to file a petition with the Secretary of the Treasury under the regulation quoted above; and if such a petition is filed, I will withhold the entry of an order until after the Secretary has acted on the petition.